JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Stephenraj Packiyanathan &
Thomas V. Thomas

**DEFENDANTS**
Vitas Healthcare Atlantic Corporation
d/b/a Vitas Healthcare

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sbarbaro Law Offices, LLC
Aaron B. Gorodetzer, Esquire
705 Gordon Drive, Exton, PA 19341

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane   ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability   Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel &   ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability   Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine   ❏ 368 Asbestos Personal Injury Product | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability   Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle   ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability   ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal   ❏ 380 Other Personal | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury   Property Damage | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | Exchange |
| | ❏ 362 Personal Injury - Medical Malpractice   ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| | | ❏ 790 Other Labor Litigation | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting   ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment   ❏ 510 Motions to Vacate Sentence | | | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations   ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment   ❏ 535 Death Penalty | | | Agency Decision |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other   **Other:**   ❏ 540 Mandamus & Other | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education   ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | |
| | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e et. seq.
Brief description of cause:
Employment Discrimination - National Origin

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❏ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE        DOCKET NUMBER

DATE
03/25/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Stephanraj Packiyanathan - 4480 Wingate Street, Philadelphia, PA 19136 - Thomas V. Thomas - 9844 Cowden Street, Philadelphia, PA 19115_

Address of Defendant: _VITAS Healtcare Atlantic Corporation d/b/a VITAS Healthcare_

Place of Accident, Incident or Transaction: _PhiladelphiaCounty, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case   ☐ **is** / ☐ **is not**   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _03/25/2022_     _Must sign here_     _203384_

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _Title VII - Employment Discrimination_

*B.*     *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Aaron B. Gorodetzer, Esq._, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _03/25/2022_     _Sign here if applicable_     _203384_

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEPHANRAJ PACKIYANATHAN and THOMAS V. THOMAS | : : : | CIVIL ACTION |
| v. | : | |
| VITAS HEALTHCARE ATLANTIC CORPORATION d/b/a VITAS HEALTHCARE | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( x )

| | | |
|---|---|---|
| 03-25-22 | Aaron B. Gorodetzer, Esq. | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 610-344-7300 | 610-441-7523 | aaron@sbarbarolaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHENRAJ PACKIYANATHAN, | : | |
| THOMAS V. THOMAS | : | |
|     **Plaintiffs** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **NO.** |
| | : | |
| VITAS HEALTHCARE ATLANTIC | : | |
| CORPORATION d/b/a | : | |
| VITAS HEALTHCATE | : | |
|     **Defendant** | : | **JURY TRIAL DEMANDED** |

<u>**COMPLAINT**</u>

## I.    INTRODUCTION

Plaintiffs, Stephanraj Packiyanathan and Thomas V. Thomas brings this action against

VITAS Healthcare.  Plaintiffs were discriminated against and retaliated against based on their

National Origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C.</u>

<u>§2000e</u>, *et seq*. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, <u>43 P.S.</u>

<u>§951</u> *et seq*. ("PHRA"). Plaintiffs seek damages, including compensatory and punitive damages

and all other relief this Court deems appropriate.

## II.    PARTIES

1. Plaintiff, Stephenraj Packiyanathan, is an individual and a citizen of the Commonwealth of

   Pennsylvania.  He resides at 4480 Wingate Street, Philadelphia, PA 19136.

2. Plaintiff Stephenraj Packiyanathan's national origin is from Southeast Asia, more

   specifically, India.

3. Plaintiff, Thomas V. Thomas, is an individual and a citizen of the Commonwealth of

   Pennsylvania.  He resides at 9844 Cowden Street, Philadelphia, PA 19115.

4. Plaintiff Thomas V. Thomas's national origin is from Southeast Asia, more specifically,

   India.

5. Upon information and belief, Defendant, VITAS Healthcare Atlantic Corporation d/b/a VITAS Healthcare, is a corporation organized and existing under the laws of the State of Delaware and providing services, including hospice and chaplain services to facilities in Pennsylvania and Philadelphia, with a Corporate Office located at 201 S. Biscayne Boulevard, Suite 400, Miami, FL 33131.

6. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendant employed more than fifteen (15) employees.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

12. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391 (b) and 42 U.S.C. §2000(e)-5(f).

15. On or about  October 4, 2021, Plaintiff Stephenraj Packiyanathan and Thomas V. Thomas, both filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Rights Commission ("PHRC").

16. On or about December 27, 2021, the EEOC issued to Plaintiffs a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit "A" (Plaintiff Packiyanathan) and Exhibit "B") (Plaintiff Thomas) are a true and correct copy of these notices.

17. Plaintiffs have fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

18. Plaintiffs are both of Southeast Asia national origin, more specifically India.

## PLAINTIFF PACKIYANATHAN FACTS

19. In or about 2013, Plaintiff Packiyanathan was hired by Vitas as a Chaplain for their Nazareth facility located in Philadelphia and as a field Chaplain in the Philadelphia Pennsylvania region.

20. In or about 2014, approximately a year after his hire, while training a newly hired Caucasian Chaplain Plaintiff Packiyanathan learned that she was hired at a higher salary. After raising concerns about discrimination to management Plaintiff Packiyanathan's pay was increased but only after 6 months of complaint.

21. In or about 2016, a new manager, Robert Weisser, a Caucasian, began micromanaging Plaintiff while not treating the other Chaplains and staff who work with him similarly. After several months of raising concerns to human resources and corporate the conduct ceased.

22. In 2017, a Caucasian Patient Care Administrator (PCA) named Melissa Noel, would not allow Plaintiff to perform "on calls." She would allow other Chaplains not of Indian national origin to complete these tasks. After almost one year, she allowed Plaintiffs to do on calls.

23. In or about 2018, Plaintiff learned that another newly hired Chaplain, again not of Asian/Indian national origin with less seniority was making more money per hour than himself. Another Chaplain, Thomas V. Thomas and Plaintiff raised complaints about this issue. After their complaints their pay was increased.

24. In or about July 2021, Plaintiff was notified that 2 of the Chaplain positions were being eliminated, one of which was his position. Plaintiff complained and as the senior most Chaplain asked why he could not bump the position of a more junior Chaplain but received no response to this request except Vitas saying home team and in patient chaplains came under 2 different enterprises.

25. Plaintiff also learned that the other Chaplain being terminated was the other Indian Chaplain who had also previously complained about discrimination.

**PLAINTIFF THOMAS FACTS**

26. In or about 2016, Plaintiff was hired by Vitas as a Chaplain for their Methodist and Mercy Fitzgerald facilities located in Philadelphia Pennsylvania.

27. In or about 2018, Plaintiff learned that another newly hired Chaplain, again not of Asian/Indian national origin was making $4.00/hr more than Plaintiff. Plaintiff and Plaintiff Packiyanathan raised complaints about this issue. After they complained their pay was equalized with the newly hired Chaplain.

28. In or about July 2021, Plaintiff was notified that 2 of the Chaplain positions were being eliminated, one of which was his position.

29. Plaintiff learned that the other Chaplain being terminated was the other Indian Chaplain, Plaintiff Packiyanathan, who had also complained previously about discrimination.

30. Defendants' reason for terminating Plaintiff's employment is pretextual.

31. Plaintiffs' national origin/prior complaints of discrimination were a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiffs which included, but is not limited to, Plaintiffs' termination.

32. Defendants failed to prevent or address the discriminatory conduct referred to herein and further failed to take appropriate corrective and/or remedial measures to make the workplace free of discriminatory conduct and further retaliated against the Plaintiffs.

33. The discriminatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable employee believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered.

34. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

35. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

36. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiffs have in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I

37. Plaintiffs incorporate herein by reference all previous paragraphs above, as if set forth herein in their entirety.

38. By committing the foregoing acts of discrimination and retaliation against Plaintiffs, Defendants have violated Title VII.

39. Said violations were malicious and/or committed with reckless indifference against Plaintiffs and warrant the imposition of punitive damages.

40. As a direct and proximate result of Defendants' violation of Title VII, Plaintiffs have suffered the damages and losses set forth herein.

41. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

42. No previous application has been made for the relief requested herein.

## COUNT II

43. Plaintiffs incorporate herein by reference all previous paragraphs as if set forth herein in their entirety.

44. Defendants, by the above improper, discriminatory and retaliatory acts, have violated the PHRA.

45. Said violations were intentional and willful.

46. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees.

47. Plaintiffs are now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

48. No previous application has been made for the relief requested herein.

## V.    RELIEF

WHEREFORE, Plaintiff seeks damages and equitable relief to the extent that he has been

harmed by Defendants' conduct, and specifically prays that the Court grant the following relief to

the Plaintiff by:

A.  declaring the acts and practices complained of herein to be in violation of Title VII;
B.  declaring the acts and practices complained of herein to be in violation of the PHRA;
C.  enjoining and permanently restraining the violations alleged herein;
D.  entering judgment against the Defendants and in favor of the Plaintiffs in an amount to be determined;
E.  awarding compensatory damages to make the Plaintiffs whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;
F.  awarding compensatory damages to Plaintiffs for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which
G.  Plaintiffs has suffered or may suffer as a result of Defendants' improper conduct;
H.  awarding punitive damages to Plaintiffs under Title VII;
I.  awarding Plaintiffs such other damages as are appropriate under Title VII and the PHRA;
J.  awarding Plaintiffs the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,
K.  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Dated: 03-25-2022
SBARBARO LAW OFFICES, LLC
BY: s/ *AARON B. GORODETZER*

Aaron B. Gorodetzer, Esquire (Pa. Attorney ID No. 203384)
705 Gordon Drive
Exton, PA 19341
610-344-7300
610-441-7523 (fax)
Attorneys for Plaintiffs

# EXHIBIT A

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Stephenraj Packiyanathan**<br>**4408 Wingate Street**<br>**Philadelphia, PA 19136** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2022-00061** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Jamie R. Williamson,**
**District Director**

12/27/2021
*(Date Issued)*

Enclosures(s)

cc: **Dean Robertson**
**AVP Senior Counsel**
**VITAS HEALTHCARE**
**201 South Biscayne Boulevard**
**Suite 400**
**Miami, FL 33131**

**Aaron B. Gorodetzer, Esq.**
**SBARBARO LAW OFFICES, LLC.**
**705 Gordon Drive**
**Exton, PA 19341**

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

---

To:  **Thomas V. Thomas**
**9844 Cowden Street**
**Philadelphia, PA 19115**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

---

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

---

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2022-00077** | **Legal Unit,** **Legal Technician** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

12/27/2021

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Issued)*

CC:
**Dean A. Robertson**
**Assistant VP/Senior Corporate Counsel**
**VITAS HEALTHCARE**
**201 South Biscayne Boulevard**
**Suite 400**
**Miami, FL 33131**

**Aaron B. Gorodetzer, Esq.**
**SBARBARO LAW OFFICES, LLC**
**705 Gordon Drive**
**Exton, PA 19341**